IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CYNTHIA LARSON, on behalf of herself and
all others similarly situated,

        Plaintiffs,

    v.                                   Case No. 14-CV-215

WISCONSIN PHYSICIANS SERVICE
INSURANCE CORPORATION,

        Defendant.

---

**BRIEF OF DEFENDANT WISCONSIN PHYSICIANS SERVICE INSURANCE CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS**

---

*A plaintiff may not avoid an earlier judgment on the merits by
merely concocting a new legal theory.*

*Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 913 (7th Cir. 1993)(citation omitted).

      This is not the first time Cynthia Larson has sued Wisconsin Physicians Service Insurance Corporation ("WPS"). As the Court may recall, Larson brought suit against WPS in 2011, contending that it had violated state law by requiring her to make copayments for chiropractic care. Larson was not alone. Several additional plaintiffs brought similar claims against a handful of other insurers in that same action. This Court dismissed the case and the United States Court of Appeals for the Seventh Circuit affirmed.

      Now, well after the entry of judgment, Larson is back, this time by herself. She no longer maintains that *all* chiropractic copayments are illegal (nor could she given the Seventh Circuit's decision). Instead, this time Larson alleges that any *unequal* chiropractic copayments are illegal.

In other words, she argues that WPS is violating state law by applying copayments to chiropractic care that are not the same as those it applies to physician care.

Larson developed this alternative theory at some point during her last suit. While she made no direct reference to this position in her earlier complaint, Larson advanced it in response to defendants' motion to dismiss, contending that she should be permitted to pursue the argument if the Court did not agree that all chiropractic copayments were illegal. She also offered this "unequal copayment" theory to the Seventh Circuit as a purported basis for remand. The Seventh Circuit concluded, however, that Larson had not included any allegations supporting that position in her complaint and, accordingly, had waived the argument.

Apparently Larson believes that she can begin afresh with her unequal copayment theory. Larson is wrong. It is too late for a new spin on an old set of facts. Basic principles of claim preclusion establish that a plaintiff cannot try one approach, see how it goes, and then simply start over later.

In short, this Court should dismiss this putative class action lawsuit, just as it did the first one. WPS should not be forced to relitigate a battle it already has won. Moreover, because her position is not substantially justified, this Court should award WPS its reasonable attorney fees incurred in bringing this motion, pursuant to 29 U.S.C. § 1132(g).

**BACKGROUND**

A.   **Larson's First Lawsuit (Case No. 11-cv-473-bbc)**

On July 8, 2011, Cynthia Larson, Kimberly Dehaan, Jeanette Borden, Rebecca Bavinck and Amy Cloute filed a putative class action against WPS, United Healthcare Insurance Company, Humana Insurance Company, Network Health Plan, Blue Cross Blue Shield of

Wisconsin and Compcare Health Services Insurance Corporation. *See generally* Case No. 11-cv-473-bbc, Dkt. # 1, Complaint.[1]

Larson and the other plaintiffs alleged that they were insured under employer-sponsored healthcare plans underwritten by the defendant insurance companies. They further alleged that while the insurers provided chiropractic coverage in their policies, they impermissibly shifted much of the cost of that care to the insureds through copayments. According to plaintiffs, the insurers' practice of imposing *any* copayments whatsoever on chiropractic care violated Wis. Stat. § 632.87(3)(a).

Plaintiffs sought relief under two provisions of the Employee Retirement Income Security Act ("ERISA"). First, they sought the recovery of benefits due, under 29 U.S.C. § 1132(a)(1)(B). Second, they alleged defendants breached their fiduciary duties under 29 U.S.C. § 1132(a)(3).

WPS and the other insurers filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), raising a variety of arguments. Plaintiffs' response brief addressed defendants' contentions and, in addition, spent several pages laying out the alternative "unequal copayment" argument under which Larson now sues. Case No. 11-cv-473-bbc, Dkt # 50, pp. 28-30.[2] After the issues were fully briefed, this Court addressed only two of defendants' many arguments, finding those dispositive. The Court concluded that plaintiffs could not sue the insurers under section

---

[1] This court may take judicial notice of the publicly available pleadings in the earlier action without converting WPS' Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[2] In support of its motion to dismiss, WPS included a declaration attaching its relevant policy documents. *See* Case No. 11-cv-473-bbc, Dkt. # 25, Declaration of Cheryl Forrer in Support of Defendant Wisconsin Physicians Service Insurance Corporation's Motion to Dismiss. Pointing to those documents, WPS went on in its reply brief to explain how plaintiffs were simply wrong as a factual matter about WPS' allegedly unequal copayments. *Id.*, Dkt. # 55, Reply Brief in Support of Defendant Wisconsin Physicians Service Insurance Corporation's Motion to Dismiss, pp. 12-13. Larson was apparently unsatisfied with that explanation, as she now wants to revisit that same material in a brand new lawsuit.

1132(a)(1)(B) because they were not proper defendants on an ERISA claim for benefits. *See generally* Case No. 11-cv-473-bbc, Dkt # 65, Opinion and Order. It also found that the insurers were not acting as fiduciaries when they set their policy terms and, thus, that plaintiffs had no viable claims for breach of fiduciary duty under section 1132(a)(3). *Id.*

Plaintiffs appealed. In their opening appellate brief, plaintiffs continued to press their primary argument that any and all chiropractic copayments violated Wis. Stat. § 632.87(3)(a). *See generally* Appeal No. 12-1256, Dkt. # 14, Brief of Plaintiffs-Appellants. Hedging their bets, plaintiffs also suggested, as they did before this Court, that even if chiropractic copayments were permissible, their complaint "still state[s] a claim that defendants violate the statute" because "defendants do not apply copayments to physician and chiropractic charges on an equal basis." *Id.*, pp. 42-43.

In their collective response brief, defendants noted that plaintiffs had not pled this claim in their complaint: "Nowhere in the complaint is there any allegation that Defendants require higher copayments for chiropractors than for physicians." *See* Appeal No. 12-1256, Dkt. #18, Joint Brief of Defendants-Appellees, pp. 38-39. Defendants asked the court to deny plaintiffs the right to assert a claim on appeal they had failed to plead in their complaint. *Id.*

Plaintiffs attempted to clarify the matter in their reply brief, contending that the complaint gave notice, generally, of a violation of Wis. Stat. § 632.87(3)(a), and that the allegations in the Complaint demonstrated "a plausible basis for plaintiffs' claim that defendants violate the statute even under their interpretation by failing to apply copayments equally to physician and chiropractic charges. *See* Appeal No. 12-1256, Dkt. # 23, Reply Brief of Plaintiffs-Appellants, p. 23. Plaintiffs further added that "even if the Court interprets the statute to allow copayments and finds that defendants' arguments about the pleading have merit, the Court should remand to

4

allow plaintiffs an opportunity to amend their Complaint based on the new statutory interpretation." *Id.* at 24.

The Seventh Circuit rejected plaintiffs' arguments and affirmed. *See Larson v. United Healthcare Ins. Co.*, 723 F.3d 905 (7th Cir. 2013). It agreed with this Court that the complaint failed to state a claim for breach of fiduciary duty under section 1132(a)(3). *Id.* at 908. Unlike this Court, however, the appellate court found that the insurers were proper defendants on the benefits claim under section 1132(a)(1)(B). *Id.* Nonetheless, it concluded that while "the benefits claim was properly lodged against the insurers, it fails on the merits. Section 632.87(3)(a) is unambiguous and does not prohibit chiropractic copays." *Id.*

Nor was the Seventh Circuit persuaded by the plaintiffs' alternative, "unequal" copayment argument, noting:

> The plaintiffs argue in the alternative that the insurers impose *unequal* copayments in violation of the statute. This claim is new on appeal and is therefore waived.

*Id.* Lest there was any doubt about its views, the Seventh Circuit later reiterated:

> This [unequal copayment] argument is new on appeal and is not supported by the allegations in the complaint, which are confined to the claim that Wisconsin law prohibits *all* chiropractic copayments. As we have explained, that claim fails as a legal matter. The alternative argument about unequal copays was raised for the first time on appeal and therefore comes too late.

*Id.* at 918.

B. **Larson's Second Lawsuit (Case No. 14-cv-215-wmc)**

Larson filed her second lawsuit against WPS on March 21, 2014. Oddly, in the complaint, she barely acknowledges the existence of her first suit. *See generally*, Case No. 14-cv-215-wmc, Dkt # 1, Complaint. The sole reference to it is found in paragraph 22, where Larson quotes WPS's brief from the earlier case. Similarly interesting is Larson's failure to

5

mention the first lawsuit on her civil cover sheet, where she failed to identify it as a related case. *See,* Dkt. # 1, Attachment # 2, JS-44 Civil Cover Sheet. Her failure to do so resulted in this case being assigned to the Honorable William M. Conley despite the fact that he had no involvement with the initial suit. The clerk of court had to address this issue by reassigning the case.

In any event, just as in her first lawsuit, Larson alleges that WPS is violating Wis. Stat. § 632.87(3). This time, though, she has dropped the contention that all copayments violate the statute. Instead, she argues only that unequal chiropractic copayments violate the statute. And, just like the first time around, Larson raises claims under sections 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3), although she does not contend in this suit that WPS breached any fiduciary duties.

The factual underpinnings of the current lawsuit are the same as before. Larson's current complaint includes exactly the same chart of her nine chiropractic visits in the summer and early fall of 2010 as in her last complaint. *Compare* Case No. 11-cv-473-bbc, Dkt. # 1, Complaint, ¶ 5 with Case No. 14-cv-215-wmc, Complaint, ¶ 25. Large chunks of the two complaints are identical. *Compare, e.g., id.,* ¶¶ 57 – 65 with *id.,* ¶¶ 12-20.

The relief Larson seeks is the same as well. In the first case, she sought a declaration that WPS' copayment practices violated Wis. Stat. § 632.87(3). *See* Case No. 11-cv-473-bbc, Dkt. # 1, Complaint, Prayer for Relief, ¶ C. She seeks that same declaration again now. *See* Case No. 14-cv-215-wmc, Prayer for Relief, ¶ C. Similarly, last time she asked for "[p]ayment to the Class of all damages associated with copayments improperly collected during the applicable class period . . . ." *See* Case No. 11-cv-473-bbc, Dkt. # 1, Complaint, Prayer for Relief, ¶ F. That identical request is found in her current complaint. *See* Case No. 14-cv-215-wmc, Prayer for Relief, ¶ E.

In short, the only relevant differences between the two complaints are: a) the total number of parties; and b) the statutory violation theory.

## ARGUMENT

### I.     Claim Preclusion Bars This Lawsuit.

Under the doctrine of *res judicata*, otherwise known as claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *See Highway J Citizens Group v. United States Dep't of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Claim preclusion has three requirements:

- An identity of the parties or their privies;
- An identity of the causes of actions; and
- A final judgment on the merits.

*Id.* (citation omitted). "If these requirements are fulfilled, [claim preclusion] 'bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action.'" *Id.* (citation omitted). "Essentially, [claim preclusion] embodies the principle that 'claims based on the same or nearly the same, factual allegations must be joined, and a prior judgment can foreclose litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) (citations omitted).

The first element of claim preclusion is undeniably met here. Larson was and is a plaintiff, and WPS a defendant, in both suits. Similarly, the third element is not in question. The Seventh Circuit found that Larson's "all chiropractic copayments are illegal" theory "fails *on the merits*." 723 F.3d at 908 (emphasis added). It then issued final judgment accordingly. *See*, Appeal No. 12-1256, Dkt. # 35, Final Judgment.

That leaves only the second element of claim preclusion ("an identity of the causes of action") even potentially in play.  For purposes of claim preclusion, a cause of action means "a single core of operative facts which give rise to a remedy."  *Johnson*, 641 F.3d at 874 (citation omitted).  "Two claims are one for purposes of [claim preclusion] if they are based on the same, or nearly the same, factual allegations."  *Id.* (citation omitted).  "For purposes of [claim preclusion] a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy."  *Id.*  (citation omitted).   The inquiry, focusing on the facts of a situation, is intended to discover whether the plaintiff could have raised the issue in the first suit.  *Doe*, 985 F.2d at 913 (citation omitted).

The factual predicate of Larson's two suits is exactly the same: she went to the chiropractor nine times in 2010 and paid more for her treatment than she believes is warranted under Wis. Stat. § 632.87(3)(a).  Those were the facts she alleged in the first lawsuit and those are the facts she presents again now.  *Compare* Case No. 11-cv-473-bbc, Dkt. # 1, Complaint, ¶ 5 with Case No. 14-cv-215-wmc, Complaint, ¶ 25.  There is nothing different or new as a factual matter in her latest lawsuit.

All Larson has altered is her legal theory.  She has abandoned the "all chiropractic copayments are illegal" thesis in favor of the "unequal copayments are illegal" thesis.  But a new legal theory does not get Larson, or any other plaintiff, around the claim preclusion barrier.  A change in legal theory does not have the effect of making two transactions out of one.  *See Doe*, 985 F.2d at 913; *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1988).  This is particularly true where, as here, the "new" legal theory is not even really new, but was raised in the first action.

Further support for the application of claim preclusion can be found in the relief Larson seeks now, which is virtually identical to the relief she sought before.  *See, e.g., Highway J Citizens Group*, 456 F.3d at 742 ("In addition, the relief requested in the present action is similar in substantial ways to the relief requested in *Citizens I* – a consideration that our cases counsel ought to be given significant weight in determining whether there is an identity between the plaintiffs' causes of action for [claim preclusion] purposes."); *Anchor Glass Container v. Buschmeier*, 426 F.3d 872,878 (7th Cir. 2005) (because the "ultimate relief sought in the two actions is the same, there is sufficient identity of the causes of action in the current and past litigations for [claim preclusion] to apply.").

Finally, there are sound prudential reasons underlying the doctrine of claim preclusion. "[Claim preclusion] is designed to ensure the finality of federal judgments in order to encourage reliance on judicial decisions, bar vexatious litigation, and free courts to resolve other disputes." *Doe*, 985 F.2d at 913.  "Enforcement [of claim preclusion] is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if . . . conclusiveness did not attend the judgment of such tribunals." *Car Carriers, Inc.*, 789 F.2d at 593.  The doctrine protects not only litigants' resources, but the courts' as well.  "Claim preclusion serves institutional as well as private interests . . . . Its aim is to force closely related claims to be consolidated in a single proceeding, whether original or appellate, in order to economize on the expenditure of judicial resources for which litigants don't pay." *Arrigo v. Link Stop, Inc.*, No. 13-cv-437-bbc, 2013 WL 6094581, at *4 (W.D. Wis. Nov. 20, 2013) (quoting *Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 638 (7th Cir. 2010).

Larson has had her day in court. That she was displeased with the outcome of the earlier proceeding and believes she has a more viable case theory now is no reason to reopen a matter that has been fully and finally resolved. Claim preclusion bars this lawsuit. It should be dismissed immediately. *See Edmonds v. Operating Engineers Local 139*, 620 F. Supp. 2d 966, 974 (W.D. Wis. 2009)(holding plaintiff not entitled to "receive another bite at the apple").

## II. This Court Should Award WPS Its Attorney Fees Pursuant to Section 502(g) of ERISA.

Larson's conduct in bringing this ill-advised lawsuit has caused WPS to incur attorney fees for no good reason. The United States Supreme Court has made clear that when a party has shown "some success on the merits," that party is eligible for attorney fees under 29 U.S.C. § 1132(g) of ERISA. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 256 (2010). By prevailing on a motion to dismiss, defendants can show the degree of success necessary to become eligible for an award of attorney fees. *See Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin*, 657 F.3d 496, 506 (7th Cir. 2011). WPS has demonstrated its entitlement to dismissal of this matter and, accordingly, qualifies for a potential attorney fee award.

Once a party has met its initial burden of establishing eligibility, courts must then determine whether a fee award is appropriate. The Seventh Circuit has recognized two tests for analyzing whether attorney fees should be awarded. The first involves consideration of five factors: (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; (3) whether or not an award of attorney's fees against the offending party would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan

as a whole; and (5) the relative merits of the parties' positions. *Kolbe*, 657 F.3d at 506 (citation omitted). The second test looks to whether or not the losing party's position was "substantially justified." *Id.* The Seventh Circuit has noted that "[i]n any event, both tests essentially ask the same question: 'was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" *Id.*

As amply demonstrated above, Larson's position is not substantially justified and, instead, constitutes harassment of WPS, which has already engaged in costly and conclusive litigation with Larson on these same issues once before. Indeed, no new facts are presented in Larson's latest Complaint – she has simply repackaged her "unequal copayment" theory into a new lawsuit. This Court should award WPS its reasonable attorney fees pursuant to section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## CONCLUSION

For all the foregoing reasons, WPS asks this Court to grant its motion to dismiss and enter an order awarding WPS costs and attorney fees in an amount to be determined.

Dated: April 4, 2014.      GODFREY & KAHN, S.C.

By:    *s/ Kendall W. Harrison*
James A. Friedman, State Bar No. 1020756
Todd G. Smith, State Bar No. 1022380
Kendall W. Harrison, State Bar No. 1023438

Attorneys for Defendant Wisconsin Physicians Service Insurance Corporation

One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Fax: (608) 257-0609
jfriedman@gklaw.com
tsmith@gklaw.com
kharrison@gklaw.com
11152093.1