IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CYNTHIA LARSON,
on behalf of herself and others
similarly situated,

                                          OPINION AND ORDER

                Plaintiff,

                                          14-cv-215-bbc

     v.

WISCONSIN PHYSICIANS SERVICE
INSURANCE CORPORATION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed class action brought under the Employee Retirement Income Security Act, plaintiff Cynthia Larson contends that Wisconsin Physicians Service Insurance Corporation, plaintiff's health care insurer, is violating Wis. Stat. § 632.97(3) by "applying copayments to chiropractic and physician charges on an unequal basis." Am. Cpt. ¶¶ 64, 69, dkt. #15. Defendant has filed a motion to dismiss for failure to state a claim upon which relief may be granted, dkt. #22, which is ready for review.

Defendant asserts several arguments in its motion: (1) the doctrine of claim preclusion applies because plaintiff could have raised the same claim in a previous case that she filed, Larson v. United Healthcare Insurance Company, No. 11-cv-473-bbc (W.D. Wis.), aff'd, 723 F.3d 905 (7th Cir. 2013) (Larson I); (2) plaintiff did not exhaust her administrative remedies; (3) plaintiff's allegations do not show that defendant is violating

1

Wis. Stat. § 632.97(3). In addition, defendant argues that plaintiff's request for monetary relief should be dismissed because the provision plaintiff cites, 29 U.S.C. § 1132(a)(3), does not authorize an award of benefits. Finally, defendant seeks an award of attorney fees under 29 U.S.C. § 1132(g).

I am granting defendant's motion to dismiss because I conclude that plaintiff's claims in this case are barred under the doctrine of claim preclusion. This conclusion makes it unnecessary to consider defendant's arguments regarding exhaustion and the merits of plaintiff's ERISA claim. I am denying defendant's request for attorney fees because I conclude that plaintiff's claims are substantially justified and not brought in bad faith.

OPINION

A. Claim Preclusion

The doctrine of claim preclusion, or res judicata, has three elements: (1) an identity of the parties or their privies in the first and second lawsuits; (2) an identity of the cause of action; and (3) a final judgment on the merits in the first suit. Adams v. City of Indianapolis, 742 F.3d 720, 735-36 (7th Cir. 2014). In this case, only the second element is in dispute. "[T]he test for an 'identity of the causes of action' is whether the claims arise out of the same set of operative facts or the same transaction." Bernstein v. Bankert, 702 F.3d 964, 995-96 (7th Cir. 2012) (internal quotations omitted). However, "there is no formalistic test for determining whether suits arise out of the same transaction or occurrence. Instead, . . . courts should consider the totality of the claims, including the nature of the

2

claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." Id. (internal quotations and citations omitted).

Like Larson I, this case involves a challenge to the validity of the copayments that defendant charges for chiropractic care. In Larson I, plaintiff argued that Wis. Stat. § 632.97(3) prohibited defendant from charging *any* chiropractic copayments, an argument the Court of Appeals for the Seventh Circuit rejected. In this case, plaintiff contends that defendant is violating § 632.97(3) by charging chiropractic copayments that are not equal to copayments for other types of care. Although plaintiff attempted to make that argument in Larson I as well, the court of appeals concluded that plaintiff had forfeited the argument by failing to include it in her complaint. Larson, 723 F.3d at 918.

It is well established that a party may not avoid the doctrine of claim preclusion by raising a new legal theory that could have been raised in a previous case. Averhart v. Sheriff of Cook County, Illinois, 752 F.3d 1104 (7th Cir. 2014) ("That [the plaintiff] added new theories . . . to this latest suit does not avoid preclusion, which requires all legal theories that concern the same events to be brought in a single suit."); Maher v. FDIC, 441 F.3d 522, 526 (7th Cir. 2006) ("Res judicata also bars litigation of claims that 'could have been raised' in the previous litigation, but were not."); Carr v. Tillery, 591 F.3d 909, 913-14 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory."). However, plaintiff says that claim preclusion should not apply because she is not seeking relief for any violations that occurred before the judgment. Rather, her claims arise out of policies that issued after the judgment

3

was entered in Larson I and out of copayments that she made after that judgment.

Plaintiff relies on Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955), Smith v. Potter, 513 F.3d 781, 783 (7th Cir. 2008), and International Harvester Co. v. Occupational Safety & Health Review Commission, 628 F.2d 982, 984 (7th Cir. 1980), for the proposition that claim preclusion does not apply any time the new lawsuit arises out of events that occurred after the judgment in the first lawsuit. However, all of those cases are distinguishable. Smith involved harassment claims, Lawlor involved anti-trust claims and International Harvester involved failures to comply with noise regulations. Although the new and old claims in those cases involved a similar course of conduct, the new claims involved independent, discrete acts that could not have been challenged in the previous lawsuits. Thus, applying claim preclusion in those cases would have allowed the defendants to use the first cases as licenses to engage in new, unlawful conduct regardless whether that conduct involved the same acts involved in the first cases. It would make no sense to say that an employee who sued a supervisor for making sexually inappropriate comments could not file a second lawsuit against the same supervisor for touching her inappropriately after judgment was entered in the first lawsuit. Even if the conduct was similar, the employee would have had no way of challenging the later harassment in the first suit.

The key difference between Lawlor, Smith, International Harvester and this case is that plaintiff's claims in this case arise out of the same set of operative facts as Larson I. Plaintiff says that she is challenging new insurance policies, but she does not identify any material changes between defendant's current policy and the policy she challenged in Larson

4

I. In both cases, the challenged conduct is defendant's copayments for chiropractic care. She does not allege that those copayments are larger or "more unequal" now than they were in 2010. Cf. Ruppert v. Alliant Energy Cash Balance Pension Plan, 726 F.3d 936, 941 (7th Cir. 2013)(in ERISA case, plan amendment did not trigger new limitations period when amendment did not create new injury). In fact, plaintiff does not identify any aspect of her claims in this case that she could not have brought in Larson I. In other words, plaintiff "has given [the court] no reason to believe that the legality of the [defendant's] actions depends on anything that has happened since [this] court dismissed [the] original suit." Rose v. Town of Harwich, 778 F.2d 77, 82 (1st Cir. 1985).

Plaintiff alleges that she has made additional copayments for chiropractic care since the judgment in Larson I, but all of those payments are the result of the same practice by defendant that plaintiff challenged in Larson I. If I were to accept plaintiff's argument that every new copayment is a new cause of action for the purpose of claim preclusion, it would allow her to bring an endless number of claims to challenge the same practice, so long as she could avoid the doctrine of issue preclusion by coming up with a new legal theory each time.

Neither side cites any authority from the Supreme Court or the Court of Appeals for the Seventh Circuit in which the court considered whether claim preclusion should apply in a situation similar to this one. However, the authors of a leading treatise on federal procedure argue that applying claim preclusion may be appropriate "if the object of the first proceeding was to establish the legality of the continuing conduct into the future." 18 Charles Alan Wright, et al., Federal Practice and Procedure § 4409 at 233 (2d ed. 2002).

5

The treatise cites various cases in which courts have applied claim preclusion in that situation.  E.g., United States v. 5 Unlabeled Boxes, 572 F.3d 169, 174 (3d Cir. 2009) (first lawsuit challenged rule allowing FDA to seize certain products; claim preclusion barred second lawsuit challenging seizure of new products under same rule); Yoon v. Fordham University Faculty & Administration Retirement Plan, 263 F.3d 196, 200–201 (2d Cir. 2001) (in first lawsuit, plaintiff requested order that defendant continue to pay plaintiff's salary until and unless defendant should dismiss plaintiff from his tenured position; claim preclusion applied to second lawsuit for salary claimed after judgment in first lawsuit); Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 289–291 (2d Cir. 2000) (first lawsuit established policies governing sick leave for corrections officers; claim preclusion applied to second action challenging implementation of these policies); Western Radio Services Co. v. Glickman,123 F.3d 1189, 1192 (9th Cir. 1997) (first lawsuit involved challenge to permit to construct telecommunications facility granted; claim preclusion barred challenge to renewal of permit); Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc., 892 F.2d 355, 359 (4th Cir. 1989) (first lawsuit involved challenge to business policies; claim preclusion barred second lawsuit challenging continued implementation of those policies after judgment in first lawsuit); Rose, 778 F.2d at 82 (in first lawsuit, plaintiff challenged condemnation of his property; claim preclusion barred second lawsuit in which plaintiff sought damages accrued since first lawsuit); Hughes v. Hoffman, 750 F.2d 53, 55 (8th Cir. 1984) (first lawsuit challenged order that transferred plaintiff from highway patrol duty in one part of the state to another; claim preclusion

barred plaintiff's challenge to reinstatement of order).

In addition, defendant cites other cases in which the court applied claim preclusion under similar circumstances.  E.g., Nystrom v. Trex Co., Inc., 580 F.3d 1281, 1282 (Fed. Cir. 2009) (first lawsuit involved patent infringement claims; claim preclusion barred plaintiff from bringing claims against same defendant with respect to different products that did not have any material differences from products in first lawsuit); Daley v. Marriott International, Inc., 415 F.3d 889, 896 (8th Cir. 2005) (in first lawsuit, plaintiff asserted claim that denial of benefits violated state law; claim preclusion barred second lawuit raising same claim for later denials).  Plaintiff does not cite any cases from this circuit or any other that contradict the holdings of all of these courts.

As in all of the cases cited above, in Larson I, plaintiff sought a determination whether particular conduct was legal.  In particular, she sought a declaration that defendant's policy violated Wis. Stat. § 632.87(3).  Because that is the same purpose of this lawsuit, I agree with defendant that claim preclusion applies.

Plaintiff had one full and fair opportunity to challenge the validity of defendant's copayments for chiropractic care in Larson I. To allow plaintiff to avoid preclusion by pointing to new iterations of the same conduct challenged in Larson I would be to elevate form over substance and reward plaintiff for failing to raise a claim that she could have raised in the first lawsuit.   Accordingly, I am granting defendant's motion to dismiss.

B. Fees

In a case brought under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Supreme Court has interpreted this provision to mean that a party must have "some degree of success on the merits" before a court may award fees. Hardt v. Reliance Standard Life Insurance Co., 130 S. Ct. 2149, 2152 (2010). Because I am entering judgment in favor of defendant, it has satisfied that standard.

For many years, the Court of the Appeals for the Seventh Circuit has applied other factors in determining whether fee shifting is appropriate under § 1132(g)(1). As has been noted in many cases, the court has articulated its test in two ways. One test includes five factors: (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether an award of attorneys' fees against the offending parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions. Janowski v. International Brotherhood of Teamsters, 673 F.2d 931, 940 (7th Cir. 1982). The other test asks more simply whether the losing party's position was "substantially justified." Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 831 (7th Cir. 1984).

Although the court has questioned whether it is appropriate to have two tests for the same issue, Sullivan v. William A. Randolph, Inc., 504 F.3d 665, 671-72 (7th Cir. 2007), the court has refused repeatedly to choose between them on the ground that the central

8

question is the same under both: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc., 657 F.3d 496, 506 (7th Cir. 2011); Quinn v. Blue Cross and Blue Shield Association, 161 F.3d 472, 478 (7th Cir. 1998). Even this formulation may be overstating the requirements because the court of appeals held in Loomis v. Exelon Corp., 658 F.3d 667, 675 (7th Cir. 2011), that a "district judge need not find that the party ordered to pay fees has engaged in harassment or otherwise litigated in bad faith." See also Raybourne v. Cigna Life Insurance Co. of New York, 700 F.3d 1076, 1089(7th Cir. 2012) ("[W]e have determined that the language in our prior opinions declaring that a showing of bad faith is vital to a fees award under section 1132(g)(1) did not survive Hardt."). In other cases, the court of appeals has stated that the purpose of the five-factor test is to "structure or implement" the substantial justification test, Lowe v. McGraw-Hill Companies, Inc., 361 F.3d 335, 339 (7th Cir. 2004), or to provide "a checklist of factors for the district judge to consider to make sure he hasn't overlooked anything that might be relevant to the appropriateness or size of the award." Sullivan, 504 F.3d at 671-72.

Defendant does not develop an argument under any version of the test. It devotes only two sentences to the merits of this issue in its opening brief: "Larson's position is not substantially justified and, instead, constitutes harassment of WPS, which has already engaged in costly and conclusive litigation with Larson on these same issues once before. Indeed, no new facts are presented in Larson's latest complaint—she has simply repackaged

her 'unequal copayment' theory into a new lawsuit." Dkt. #23 at 24. However, defendant admits elsewhere in its brief that the Court of Appeals for the Seventh Circuit has not decided whether claim preclusion should apply in circumstances similar to this case. Id. at 16. Although I have concluded that the authority plaintiff cited is distinguishable, that authority is sufficient to show that plaintiff's position was substantially justified and that she filed her claim in good faith. Defendant does not make any argument under § 1132(g) with respect to its exhaustion defense or the merits of plaintiff's ERISA claim, so I do not consider those issues. Accordingly, I am denying defendant's request for attorney fees.

ORDER

IT IS ORDERED that defendant Wisconsin Physicians Service Insurance Corporation's motion to dismiss for failure to state a claim upon which relief may be granted, dkt. #22, is GRANTED. Defendant's request for attorney fees under 29 U.S.C. § 1132(g) is DENIED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 29th day of August, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge